UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CRAIG and TRACY KEAN,  No. 10-14427

                Debtor(s).
_____/

CRAIG and TRACY KEAN,

                Plaintiff(s),

    v.  A.P. No. 16-1083

DALE BRECKEL, et al.,

                Defendant(s).
_____/

Memorandum and Order of Abstention
_____

     In a prior adversary proceeding, Chapter 13 debtors Craig and Tracy Kean sought and obtained a default judgment from this court avoiding a junior deed of trust held by defendants Dale Breckel, Shelly Breckel and Foothill Mortgage company. The judgment provided:

> That defendants Dale Breckel, Shelly Breckel and First
> Foothill Mortgage is ordered to cancel the second mortgage
> lien on the residential real estate of the debtor commonly
> known as 9979 Plumas Court, Kelseyville, CA 95451, (AP#043-
> 723-590) pursuant to 11 U.S.C. Section 506(d), immediately
> upon the entry of the Chapter 13 Discharge Order and deliver

1

```
          the same to the attorney for the debtors within 20 days from
          the date of the entry of the said order at no charge or fee.
```

The court has no idea why the Keans needed such a provision, as the court has avoided thousands of junior deeds of trust using orders and judgments that are self-executing, merely reciting that upon completion of the Chapter 13 case the defendants will have no right, title or interest in the subject property on account of the avoided lien. Title companies have generally not required actual reconveyances in order to insure title against an avoided lien.

In this adversary proceeding, the Keans allege that they have received their Chapter 13 discharge but defendants have not "cancelled" their lien. However, the Keans allege that this is not a core proceeding. The defendants have not consented to final judgment by this court. Since the court's 2010 judgment can be enforced just as easily by the state court, and since handling this case as non-core without consent might end up increasing the litigation expenses of the parties and burdening the district court,

IT IS ORDERED that this court ABSTAINS from hearing this adversary proceeding pursuant to 28 U.S.C. §1334(c)(1), and it is accordingly DISMISSED, without prejudice.

Dated: September 21, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge